JOHNSON, Respondent, *v.* NEW YORK EL. R. CO. *et al.,* Appellants, (two cases.)

(*Supreme Court, General Term, First Department.* February 18, 1892.)

Appeals from special term, New York county.

Actions by Francis E. Johnson, individually, and as executor and trustee of Stephen Johnson, deceased, Margaret Johnson, and Catharine Baylis, against the New York Elevated Railroad Company and the Manhattan Railway Company, to enjoin the running of trains in front of their premises.

Argued before VAN BRUNT, P. J., and PATTERSON, J.

*Davies, Short & Townsend,* (*Julien T. Davies* and *Joseph E. Lord,* of counsel,) for appellants. *Francis C. Reed,* (*Allan Lee Smidt,* of counsel,) for respondents.

PATTERSON, J. The principal ground upon which a reversal of the judgments in these cases is asked is that the learned judge before whom they were tried, having found as a conclusion of law that damages should not be awarded for future running of trains, it was error to include damages of that character in determining what amount should be paid for the easements to prevent the issuance of an injunction. But there is nothing in the whole record to show that the judge did any such thing. He made certain findings of fact that the engines in passing emitted steam, smoke, ashes, and cinders, and that noise was created, and that these things necessarily would continue; but it is evident those facts were found as leading up and contributing to the right to the injunction only, and there is nothing to show that, when he came to fix the value of the easements, he made any allowance for the matters referred to. It is not to be supposed that, when the learned judge expressly decided that, as matter of law, damages for the matters referred to could not be awarded as an alternative for avoiding an injunction, he nevertheless included them in his computation of what amount should be paid for that purpose; and, when all the findings are read together, there is no inconsistency in them. There was enough evidence to support the determination of the court as to past damages, and also as to the value of the easements taken, and we can find no substantial error in the record. The judgments must be affirmed, with costs.